UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
ISABELLE BICHINDARITZ,             )   No. C10-1371RSL
                                   )
         Plaintiff,                )
                                   )
    v.                             )   ORDER DENYING PLAINTIFF'S
                                   )   MOTION FOR SUMMARY
UNIVERSITY OF WASHINGTON,          )   JUDGMENT REGARDING
                                   )   DISCRIMINATION CLAIM
         Defendant.                )
_____)

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment." Dkt. # 26. Dr. Isabelle Bichindaritz, an assistant professor in Computing and Software Systems in the Institute of Technology at the University of Washington Tacoma, brought this action alleging that the University violated Title VII of the Civil Rights Act by discriminating against her on the basis of sex and retaliating against her for a complaint she filed with the University Ombudsman. Plaintiff seeks summary judgment on her discrimination claim.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the record shows that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp.

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT REGARDING
DISCRIMINATION CLAIM

v. Catrett, 477 U.S. 317, 324 (1986). All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," however. Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id. at 1221.

      Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to defendant, plaintiff's motion is DENIED. At most, plaintiff has raised a *prima facie* case of sex discrimination. She has not, however, established as a matter of law that Dr. Baiocchi was motivated by gender bias or that any discriminatory animus on his part should be imputed to the University.[2]

      Dated this 19th day of September, 2011.

                      */s/ Robert S. Lasnik*
                        Robert S. Lasnik
                        United States District Judge

---

[1] For purposes of this motion, defendant's evidentiary objections (Dkt. # 36 at 10 n. 21) are overruled.

[2] The case on which plaintiff relies in reply, Brown v. Trustees of Boston Univ., 891 F.2d 337 (1st Cir. 1989), involved a jury trial and finding of sex discrimination.

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT REGARDING
DISCRIMINATION CLAIM          -2-