UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

---

ISABELLE BICHINDARITZ,

           Plaintiff,

   v.

UNIVERSITY OF WASHINGTON,

           Defendant.

---

No. C10-1371RSL

ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS

This matter comes before the Court on "Defendant's Motion for Sanctions for Plaintiff's Failure to Comply with Court Order Compelling Supplemental Responses to Discovery Requests." Dkt. # 61. On July 13, 2011, the Court ordered plaintiff to supplement her discovery responses. Dkt. # 30. The relevant portions of that order are reproduced here:

Request for Production No. 12

In response to an interrogatory regarding damages, plaintiff reduced her lost wages by the amount earned while working in France, but seeks recovery of expenses related to that employment (such as travel and rent). Request for Production No. 12 seeks all documents relating to plaintiff's damage calculations. Plaintiff produced an employment contract related to her time in France, but has not produced any other documents that support her claimed income or expenses. Plaintiff says she has no other documents. Based on this representation, no further production will be ordered.

ORDER GRANTING DEFENDANT'S
MOTION FOR SANCTIONS

Interrogatory No. 15

Defendant seeks detailed information regarding plaintiff's efforts to find a new job after April 1, 2009. Rather than provide the information directly, plaintiff referred defendant to a "Job Search Log" she prepared for the Washington State Employment Security Department. When defendant requested a copy of plaintiff's "Job Search Log" from the state, it received only a single page covering plaintiff's job search efforts from September 21, 2010, to October 1, 2010. Because the log is produced to the state only upon request, it is possible that the Employment Security Department may not have a complete set of plaintiff's log entries. In any case, the "Job Search Log" is incomplete at least insofar as plaintiff's employment in France is concerned. Plaintiff shall fully respond to Interrogatory No. 15.

Requests for Production Nos. 13 and 14

In response to requests for all documents related to her job search, plaintiff produced only her French employment contract. Although plaintiff maintains that she has produced all responsive documents (Opposition (Dkt. # 15) at 6), the record shows otherwise: plaintiff has not produced a full and complete copy of her "Job Search Log," nor has she produced the 2010 correspondence with her French employer that she discussed during her deposition. Plaintiff shall produce these and any other documents that are responsive to Requests for Production Nos. 13 and 14.

Interrogatory No. 16

Plaintiff has not provided full and complete responses to Interrogatory No. 16. A letter from counsel regarding scheduling conflicts is not an adequate substitute for signed discovery responses, nor has plaintiff provided the level of detail requested regarding each application, interview, and job offer.

Request for Production No. 15

Although plaintiff is under a continuing duty to supplement her discovery responses (see Rule 26(e)(1)), she cannot produce documents that have not yet been created. Based on plaintiff's representation that her 2010 tax returns have not yet been prepared, no further production will be ordered.

Dkt. # 30 at 4-5. Plaintiff was given fourteen days in which to remedy the identified deficiencies. Dkt. # 30 at 7.

Plaintiff supplemented her discovery responses. Nevertheless, defendant filed this motion for sanctions and seeks dismissal of plaintiff's claims or, in the alternative, an adverse ruling regarding mitigation and monetary damages. Through a combination of discovery

ORDER GRANTING DEFENDANT'S
MOTION FOR SANCTIONS -2-

obtained from third-parties and plaintiff's statements in response to her attorneys' motion to withdraw, defendant realized that the supplemental responses she provided were still inadequate. Documents provided *in camera*, combined with the public record in this case, show that plaintiff does not necessarily appreciate the need to provide accurate and truthful responses under oath, especially when she believes the topic to be insignificant, irrelevant, or none of defendant's business. Of particular concern to the Court for purposes of this motion is plaintiff's lack of candor and thoroughness regarding the efforts she has made to obtain employment since the University denied her tenure and her income and expenses during that same time period.

Plaintiff has effectively obscured important information regarding her employment in France that is relevant to both mitigation and damages. If, for example, plaintiff voluntarily relinquished what was supposed to be a three-year position, her claim for damages could justly be reduced by the amount that she would have earned under the contract or the factfinder could conclude that she had failed to mitigate her damages. Plaintiff has also been less than forthcoming regarding her efforts to obtain employment since the 2009 denial of tenure and flatly lied on numerous occasions in an apparent attempt to conceal her 2010 tax return. Overall, the Court is left with the distinct impression that the integrity of the discovery process has been damaged to the extent that neither defendant nor the Court can, with any level of confidence, be assured that it is proceeding on actual facts rather than a sanitized version of events created by plaintiff.

Sanctions are appropriate. The real issue here is identifying which sanction will best achieve a "just" resolution of this matter. Defendant requests dismissal, citing cases such as Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007). The discovery dispute in Conn. Gen. Life Ins. Co. was of significantly longer duration than that involved in this case, but it does have some parallels. The defendant in Conn. Gen. Life Ins. Co. initially took the position that an order compelling discovery did not apply to him. In our case,

ORDER GRANTING DEFENDANT'S
MOTION FOR SANCTIONS                -3-

plaintiff originally declined to respond to any inquiries regarding her potential or actual employment outside the country on the rather absurd theory that "what happens in France is separate from what happens in this country." Plaintiff also provided false discovery responses regarding the availability of documents. In both cases, an order to compel issued and production was finally made. However, the "responses appear[ed] calculated to prevent [the opposing party] from learning and proving the truth." 482 F.3d at 1095. The district court in Conn. Gen. Life Ins. Co. subsequently warned the recalcitrant party that a termination sanction would be considered if he failed to comply fully with the order to compel. In this case, defendants' motion for terminating sanctions was already pending when the Court heard oral argument regarding counsel's motion to withdraw and urged plaintiff to reevaluate her settlement position in light of the new realities of the case. Both courts were of the opinion that the litigant's "discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." 482 F.3d at 1097.

Nevertheless, the Court finds that terminating sanctions are too extreme in this case. After considering the factors enumerated in Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003), and Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998), the existence of less drastic sanctions that will ameliorate the risk of prejudice to defendant militates against outright dismissal. Plaintiff's misstatements and concealments go primarily to mitigation and damages, not liability. Under Title VII, plaintiff had a duty to use reasonable diligence to find other suitable employment. Amounts earned following the adverse employment action operate to reduce a back pay award, and, if plaintiff refuses a job substantially equivalent to the one she was denied by defendant, she forfeits her right to seek back pay altogether. 42 U.S.C. § 2000e-5(g)(1); Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32 (1982). It is generally defendant's burden to allege and prove that plaintiff failed to mitigate her damages or to challenge the damage calculations put forth by the claimant. It is exactly these tasks that

ORDER GRANTING DEFENDANT'S
MOTION FOR SANCTIONS                    -4-

plaintiff has made impossible by refusing to provide full and complete responses during discovery. The Court will, therefore, draw adverse inferences from plaintiff's discovery failures.

For all of the foregoing reasons, defendant's alternative request for discovery sanctions is GRANTED. As a sanction for discovery violations and in order to avoid prejudice to defendants, the Court finds that plaintiff has failed to mitigate her damages and/or has failed to establish monetary damages. She is therefore precluded plaintiff from seeking back pay or lost wages in this action.

Dated this 21st day of February, 2012.

*MM S Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S
MOTION FOR SANCTIONS                -5-