# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

ISABELLE BICHINDARITZ,

    Plaintiff,

    v.

UNIVERSITY OF WASHINGTON,

    Defendant.

Case No. C10-1371RSL

ORDER DENYING PLAINTIFF'S MOTION FOR DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court on "Plaintiff's Motion to Strike the Trial Date, Determine Occurrence and Scope of Defendant's Discovery Abuses, and to Dismiss without Prejudice" (Dkt. # 129) and the "Motion by Claimants Frederick H. Gautschi, III and George T. Hunter for Leave to Submit Materials for *In Camera* Review" (Dkt. # 135). Having reviewed the memoranda, declarations, and exhibits submitted by the parties and the remainder of the record, the Court finds that dismissal without prejudice is not appropriate.

The parties have spent eighteen months litigating this matter based on the causes of action plaintiff chose to pursue in her complaint. While some of the discovery and motions practice that occurred here may be useful in the state court proceeding, the addition of new claims and defendants would take this litigation back to its starting point, requiring additional discovery and exposing defendant to types of damages that

were previously waived or barred. As the Court noted when denying plaintiff's motion to amend the complaint in the above-captioned matter:

> The association of new counsel is not an excuse to add additional causes of action or rethink plaintiff's litigation strategy, especially where the withdrawal [of plaintiff's prior counsel] was necessitated by plaintiff's own conduct. Considerations regarding undue delay and prejudice show that amendment is not appropriate. The deadline for amending the complaint has long since passed. In order to gain certain litigation benefits, plaintiff expressly stated that she would not seek emotional distress damages and would agree to a bench trial. Dr. Baiocchi, while aware of this litigation and the need to be available as a witness, has not had an opportunity to prepare an individual defense to the existing federal claims, much less a new state law claim.

Dkt. # 122 at 2. Dismissal without prejudice so that plaintiff could pursue the same matters in state court would unduly prejudice defendant.

Further, the request for dismissal seems to be driven by the desire to avoid adverse rulings (or potential adverse rulings) in this forum. Plaintiff affirmatively waived a jury trial rather than wait for this Court to consider defendant's then-pending motion to strike the jury demand. Plaintiff has also been precluded from seeking back pay or lost wages in this action as a sanction for discovery abuses that damaged the integrity of the discovery process. Plaintiff's request for a non-suit was filed two days after the Court specifically rejected her requests to add Dr. Baiocchi as a defendant and assert a Washington Law Against Discrimination claim. Dismissal of this action without prejudice and with no conditions attached would allow plaintiff to avoid the repercussions of her strategic decisions and the Court's adverse rulings.

Finally, this matter is weeks from trial. Plaintiff delayed until virtually the last possible moment to decide that she does not, in fact, want to pursue a Title VII claim and that the state court is the proper venue in which to pursue her newly-minted state law claims. Because plaintiff was aware of most, if not all, of her state claims at the time she

ORDER DENYING PLAINTIFF'S MOTION
FOR DISMISSAL WITHOUT PREJUDICE

filed this lawsuit, there is no justification for this extreme delay.

Plaintiff suggests, without actually arguing, that she should be permitted to restart this litigation in state court because defendant violated the rules of discovery and precluded the timely assertion of a national origin claim. Plaintiff ignores the fact that she intentionally chose not to pursue a national origin claim in this litigation. Despite having asserted a national origin claim before the Equal Employment Opportunity Commission, she ultimately decided to focus on her sex discrimination and retaliation claims in this forum. Defendant's discovery responses played no part in how plaintiff fashioned her complaint.[1] Having abandoned the national origin claim, documents related to plaintiff's nationality were not of particular interest to either side in this litigation. Even if plaintiff were able to show that defendant intentionally withheld documents that would have revealed a viable cause of action, the appropriate course of action would be to file a motion to assert that claim in the existing lawsuit. Plaintiff has not done so, instead opting to close out this lawsuit and start anew in state court.

On a more fundamental level, plaintiff's argument fails because she has not shown any discovery violation that could justify the relief sought. Plaintiff originally requested copies of every email to or from Professors Steve Hanks and Larry Wear "regarding Isabelle Bichindaritz's candidacy for tenure and/or her teaching and/or interpersonal relationships with faculty members at the Institute." Decl. of John P. Sheridan (Dkt. # 129-1) at 7. While the emails suggesting that Dr. Bichindaritz was a burden and that she unduly complicated matters (Decl. of Isabelle Bichindaritz (Dkt. # 130) at 68 and 69) may have been responsive to these requests, plaintiff agreed to narrow the requests during negotiations with the University. The revised request sought

---

[1] To the extent plaintiff argues that defendant withheld documents or delayed production in violation of the Washington Public Records Act, that claim is not before the Court despite the fact that problems with the production were evident long before she filed this lawsuit.

ORDER DENYING PLAINTIFF'S MOTION
FOR DISMISSAL WITHOUT PREJUDICE

3

"emails in which the identified senior faculty member expressed an opinion about the junior faculty member's candidacy for tenure and/or research." Decl. of John P. Sheridan (Dkt. # 129-1) at 7. On their face, the two emails at issue are not responsive to the final, narrower request, and plaintiff has not argued otherwise. Defendant clearly stated its understanding of the revised requests and produced documents accordingly. Id. If plaintiff disagreed with the narrowed scope of the production, she should have filed a motion to compel discovery when she received defendant's production in May 2011. She did not do so, instead waiting until the eve of trial to challenge the sufficiency of defendant's production. No discovery violation having been shown, plaintiff has failed to justify her request to restart this litigation in state court.

For all of the foregoing reasons, plaintiff's motion to strike the trial date, for discovery sanctions, and for dismissal without prejudice (Dkt. # 129) is DENIED. Because the *ex parte* submission of documents by plaintiff's former counsel is not necessary to the resolution of plaintiff's pending motion and would leave the named parties unsure of the nature and scope of the submission, claimants' motion for leave to submit materials for *in camera* review is also denied.

Dated this 19th day of March, 2012.

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR DISMISSAL WITHOUT PREJUDICE