UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ISABELLE BICHINDARITZ,

    Plaintiff,

    v.

UNIVERSITY OF WASHINGTON,

    Defendant.

Case No. C10-1371RSL

ORDER AFFIRMING TAXATION OF COSTS

    This matter comes before the Court on "Defendant's Motion to Retax Costs" (Dkt. # 183) and "Plaintiff's Motion to Retax Costs" (Dkt. # 184). On May 29, 2012, the Deputy Clerk of Court awarded defendants $13,613.96 in costs. Having reviewed the documents that were before the Clerk as well as the parties' memoranda,[1] the Court finds as follows:

    (1) The Clerk properly chose to award defendant the costs associated with plaintiff's deposition and the printed transcript, while disallowing the expenses associated with videotaping that same deposition. Defendant has not met its burden of showing that "the various versions of the deposition were reasonably obtained for use in the case," especially where plaintiff was available for trial and use of a videotape was

---

[1] The Court has not considered arguments raised by plaintiff for the first time in reply.

ORDER AFFIRMING TAXATION OF COSTS

1    unlikely.  Baisden v. I'm Ready Productions, Inc., 793 F. Supp.2d 970, 977 (S.D. Tex.
2    2011).
3        (2)   The Clerk properly concluded that defendant obtained trial transcripts for the
4    convenience of counsel.  This case was not particularly long or complex, the Court did
5    not issue oral rulings, and no proposed findings or post-trial motions were necessary.
6    Majeske v. City of Chicago, (7th Cir. 2000); Kearney v. Auto-Owners Ins. Co., 2010
7    WL 1856060, at *3-4 (M.D. Fla. May 10, 2010); Manildra Mill. Corp. v. Ogilvie Mills,
8    Inc., 878 F. Supp. 1417, 1426-27 (D. Kan. 1995).  Defendant has shown that a verbatim
9    transcript, rather than contemporaneous notes of the proceedings, was necessary.
10       (3)  An award of 10% of the requested copying costs is appropriate.  This district
11   implemented an electronic filing and service system which largely eliminated the need to
12   make, file, or serve hard copies other than for the convenience of counsel.  Crowley v.
13   Chait, 2007 WL 7569542, at *5-6 ( D.N.J. Aug. 29, 2007).  The exceptions are
14   submissions that exceed fifty pages in length, discovery responses, and trial exhibits.
15   Because defendant provided no information from which the Clerk of Court could
16   identify the number of copies that were actually necessary, the 10% estimate was
17   reasonable.
18       (4)  Fed. R. Civ. P. 54(d)(1) provides that "costs – other than attorney's fees –
19   should be allowed to the prevailing party."  There is, therefore, "a presumption for
20   awarding costs to prevailing parties; the losing party must show why costs should not be
21   awarded."  Save Our Valley v. Sound Transit, 335 F.3d 932, 944-45 (9th Cir. 2003).
22   The Court may, after considering such factors as the losing party's financial resources,
23   misconduct of the prevailing party, the importance of the issues, and the chilling effect of
24   an award, find that the presumption has been overcome.  In this case, however, plaintiff
25   offers nothing but counsel's unsupported statement that she is currently unemployed and
26   that taxing costs would impose an extreme hardship.  Plaintiff's argument regarding the

ORDER AFFIRMING TAXATION OF COSTS

1   chilling effect of an award of costs against a losing civil rights plaintiff proves too much.
2   Congress did not exclude civil rights actions from the cost-shifting mechanism of 28
3   U.S.C. § 1920, and yet plaintiff is basically arguing for a blanket exemption without any
4   actual evidence suggesting that a chill is likely to arise from the award at issue in this
5   case.  The Court finds that plaintiff has not overcome the presumption in favor of an
6   award of costs.

7           (5)  The Clerk properly allowed defendant's actual witness expenses.  Plaintiff
8   has not shown that, given the exigencies and unpredictability of trial, the air tickets were
9   not the most economical rate reasonably available at the time.

10          (6)  Plaintiff argues that the costs associated with the deposition of witnesses who
11  live in the area were not "necessarily obtained for use in the case" because those
12  individuals would be available to testify at trial:  in these circumstances, plaintiff argues,
13  the depositions and transcripts are merely discovery costs and are not recoverable.  At
14  the time the depositions were taken and the transcripts obtained, it was reasonable to
15  believe the transcripts would be used in the case.  In making her argument, plaintiff
16  ignores the fact that most of the deposition transcripts were used in the summary
17  judgment briefing, that some of them were used at trial, that some of the witnesses later
18  relocated out of this district.

20          For all of the foregoing reasons, the Clerk's taxation of costs is hereby
21  AFFIRMED and the motions to retax are DENIED.

23          Dated this 27th day of July, 2012.

                                    *Robert S. Lasnik*
                                    Robert S. Lasnik
                                    United States District Judge

ORDER AFFIRMING TAXATION OF COSTS