UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ISABELLE BICHINDARITZ,                 )   No. C10-1371RSL
                                       )
                    Plaintiff,         )
        v.                             )   ORDER DENYING PLAINTIFF'S
                                       )   MOTION FOR RELIEF FROM
UNIVERSITY OF WASHINGTON,              )   JUDGMENT
                                       )
                    Defendant.         )
_____)

This matter comes before the Court on plaintiff's "Rule 62.1(a) Motion to Entertain a Motion for Relief from Judgment Pursuant to Rule 60(b)" (Dkt. # 202),[1] her motion to conduct discovery (Dkt. # 210), her motion to supplement (Dkt. # 213), and defendant's "Motion to Strike Improper Reply Arguments and Evidence" (Dkt. # 212). Despite identifying Fed. R. Civ. P. 60(b) as the authority for her request for relief from judgment, plaintiff argues that the judgment entered in the above-captioned matter should be set aside for fraud on the Court, presumably under Fed. R. Civ. P. 60(d)(3). Because the fraud-on-the-court argument was presented in the opening memorandum and defendant had an opportunity to respond, the Court will determine

---

[1] Because this case is presently on appeal before the Ninth Circuit, plaintiff must follow the procedure set forth in Fed. R. Civ. P. 62.1(a) in order to obtain relief in this Court.

ORDER DENYING PLAINTIFF'S
FOR RELIEF FROM JUDGMENT

whether relief under Rule 60(d)(3) is appropriate.[2]  Having reviewed the memoranda,[3] declarations, and exhibits submitted by the parties, the Court finds as follows:

Rule 60(d)(3) affirms the Court's inherent power to set aside a judgment that is obtained through fraud on the court.  Rule 60(d)(3) is narrowly construed, however, and requires more than simple fraud, misrepresentation, or misconduct by an opposing party.  The latter type of fraud may be remedied under Rule 60(b)(3), but must be raised within a year after the entry of judgment.  Relief under Rule 60(d)(3) is available only if the fraud "defiles the court or is perpetrated by officers of the court."  United States v. Chapman, 642 F.3d 1236, 1240 (9th Cir. 2011).  The fraud must rise "to a level of an unconscionable plan or scheme which is designed to improperly influence the court in its decision."  Id.

The basis for plaintiff's motion for relief from judgment is a recent state court decision finding that the University of Washington violated the Washington Public Records Act ("PRA") when it failed to produce certain records in an unredacted and timely manner.  The Honorable Monica J. Benton of the King County Superior Court found that documents related to plaintiff's national origin may have been useful in this case and should have been produced to plaintiff as soon as she reopened her PRA request in June 2011.  In addition, Judge Benton found that an email from Dr. Wear to Dr. Baiocchi indicating that a "nursing person who was on [plaintiff's 2007-2008 tenure] committee hinted that we might be picking on Isabelle's teaching because she is a woman" should have been produced in response to the PRA request and would have contradicted Dr. Baiocchi's testimony that he had not received any complaints that he was favoring men over women.

The state court has now resolved plaintiff's PRA claims:  the University of

---

[2] To the extent plaintiff seeks relief under Fed. R. Civ. P. 60(b), the motion is untimely.  Fed. R. Civ. P. 60(c)(1).

[3] The Court notes that a page is missing from plaintiff's reply memorandum (Dkt. # 208).

ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT                    -2-

Washington was obligated to and should have produced certain documents in response to plaintiff's record request and has been sanctioned for its failures. The issue before this Court is whether the failure to timely produce unredacted documents in response to a PRA request was designed to corrupt the legitimacy of the truth-seeking process in this litigation and/or whether the integrity of the judicial process has been harmed. See Dixon v. C.I.R., 316 F.3d 1041, 1046 (9th Cir. 2003). As a general matter, a violation of the PRA does not necessarily establish a discovery violation in related federal litigation, much less an intentional scheme to defraud the court. As plaintiff's then-counsel recognized, the liberal rules of federal discovery gave plaintiff an opportunity to obtain documents in this venue separate and apart from the PRA and without regard to whatever redaction and privacy limitations the University might rely upon in responding to the PRA request. The mere fact that Judge Benton found that the University violated the PRA does not establish fraud on the court.

With regards to the specific documents highlighted by plaintiff in her motion (*i.e.*, the national origin documents and the "nursing person" email), plaintiff has failed to raise a reasonable inference of fraud that would justify either reinstating her claims or allowing post-judgment discovery. The national origin documents were not responsive to any discovery request served in this litigation, and plaintiff has not attempted to explain how the failure to produce a document that was not requested in this litigation could constitute fraud on the court.[4] The Court will assume, for purposes of this analysis, that the "nursing person" email was responsive to one or more discovery requests served in this litigation and that plaintiff was entitled to rely on

---

[4] The national origin emails were produced in response to the PRA request in November 2011. More than four months later (and less than three weeks before trial in this matter was set to begin), plaintiff sought to amend her complaint to add a claim of national original discrimination. The Court denied the request, noting that plaintiff had intentionally chosen not to pursue a national origin claim (she had asserted it before the Equal Employment Opportunity Commission), that the addition of the new claim would necessitate the reopening of discovery, and that defendant had not violated its federal discovery obligations. Dkt. # 163.

ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT                -3-

defendant's statement that all responsive documents had been produced in response to the public records request. Nevertheless, the failure to produce this single email does not give rise to an inference of corrupt motive or otherwise impugn the integrity of the judicial resolution of this matter.[5] The University produced - and plaintiff presented at trial - ample evidence of complaints and concerns regarding gender issues within the Institute of Technology. In addition to various reports, statements, and investigations related to allegations of unfair or unfavorable treatment of women in the Institute, plaintiff presented evidence that the same tenure review process that produced the "nursing person" email also revealed concerns on the part of the Vice Chancellor for Academic Affairs, Dr. Beth Rushing, and the Chancellor of the University of Washington at Tacoma, Dr. Patricia Spakes, regarding gender balance in the Institute and the possibility that Dr. Bichindaritz had not been given the assistance, advice, and/or opportunities necessary to generate an acceptable tenure application. In light of the University's production of significant evidence going to the same issue, the University's failure to produce a single email reflecting one committee member's concern that plaintiff's gender may have played a role in the tenure process does not raise an inference of an intentional scheme to misdirect the court. The Court expressly finds that the absence of this document in no way affected the outcome of this case and could not reasonably be viewed as impugning the integrity of the judicial process in this matter.

For all of the foregoing reasons, plaintiff's motion for relief from judgment (Dkt. # 202) is DENIED, her motion for post-judgment discovery (Dkt. # 210) is DENIED, her motion to supplement (Dkt. # 213) is GRANTED, and defendant's motion to strike (Dkt. # 212) is

---

[5] Plaintiff, apparently recognizing that a belated discovery dispute regarding the production of a single document is unlikely to impugn the integrity of the judicial process or otherwise constitute the type of systemic fraud that would justify relief under Rule 60(d)(3), has requested leave to conduct broad-ranging discovery of defense counsel in the hopes of uncovering evidence of fraud on the part of the attorneys. Dkt. # 210. In light of the public interest in the finality of judgments and the lack of evidence of fraud on the court, the request will be denied.

ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT               -4-

1  DENIED.

2  Dated this 12th day of December, 2013.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR RELIEF FROM JUDGMENT                -5-